IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01137-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

W. CASEY CHIPMAN,

JUL 3 1 2009

Applicant,

GREGORY C. LANGHAM
CLERK

v.

SHERIFF ALDERMAN, Larimer County Detention Center, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

I. Background

Applicant W. Casey Chipman currently resides in Wellington, Colorado.

Previously, he served a forty-five day jail sentence from May 11, 2009, until June 15,

2009. (Pre-Answer Resp. at 3.) Mr. Chipman initiated this action by filing a ***pro se***

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the

validity of his May 4, 2009, sentencing in Case No. 01DR614 in the Larimer County

District Court in Fort Collins, Colorado.

In an order filed on June 3, 2009, the Court directed Respondents to file a Pre-

Answer Response limited to addressing the affirmative defenses of timeliness under 28

U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A).  On June 23, 2009, Respondent Attorney General of the State of

Colorado, John W. Suthers, filed a Pre-Answer Response asserting that because Mr. Chipman was serving a forty-five day jail sentence in the Larimer County Detention Center for contempt in a domestic relations case, the Attorney General of the State of Colorado has no authority or interest in the instant action. Respondent Sheriff Alderman also filed a Pre-Answer Response and addressed both timeliness under 28 U.S.C. § 2244(d) and exhaustion under 28 U.S.C. § 2254(b)(1)(A). Mr. Chipman has failed to file a Reply within the time allowed.

On October 23, 2008, Mr. Chipman was found guilty of remedial and punitive contempt for failure to make child support payments in the amount of $15,561.97. The trial court sentenced Mr. Chipman to forty-five days in jail, suspended upon payments of child support in the amount of $600.00 per month for six years. (Pre-Answer Resp., Ex. 2.) Mr. Chipman sought a review of the magistrate's decision in the state district court, but the district court upheld the magistrate's decision, and Mr. Chipman did not appeal the district court's decision. (Pre-Answer Resp., Ex. 3.) Subsequently, Larimer County filed a request to impose sentence, a hearing was held on May 4, 2009, during which the trial court found Mr. Chipman failed to make the child support payments and issued a mittimus directing Mr. Chipman to self-report to serve the forty-five day sentence. Mr. Chipman failed to appeal or seek relief from the court's decision or mittimus. (Pre-Answer Resp. at 3.)

Mr. Chipman asserts two claims for relief, including (1) lack of jurisdiction by the state court to enter a civil contempt of court and order a jail sentence, because he had sought removal of the state domestic relations case to this Court; and (2) lack of representation in the May 4, 2009, hearing.

2

II.  Analysis

The Court must construe liberally Mr. Chipman's Application because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

A.  28 U.S.C. § 2244(d) Time-Bar

Based on the above findings, the Court finds, and Respondent Alderman concedes, the Application is timely under § 2244(d).

B.  State-Court Exhaustion

Respondent Alderman argues that Mr. Chipman has failed to exhaust his state court remedies because neither of the claims he raises in the instant action were presented to any judicial official other than the state magistrate.  (Pre-Answer Resp. at 5.)  Respondent Alderman further argues that Mr. Chipman clearly was aware of the process for seeking review of a magistrate's decision, because his attorney sought such review after Mr. Chipman was convicted of contempt of court on October 23, 2008. (Pre-Answer Resp. at 6.)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

3

satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Chipman states on Page Five of the Application that he has not exhausted his state court remedies. He further asserts on Page Six of the Application, in support of Claim One, that he does not believe a contempt sentence may be appealed (Application at 5), even though Mr. Chipman's counsel had filed an appeal of the

4

October 23, 2008, remedial contempt order (Answer, Ex. 2 ).  As for Claim Two, Mr.

Chipman does not address the issue of exhaustion as it pertains to this claim.  The

Court, therefore, finds that based on Respondent Alderman's arguments Mr. Chipman

has failed to exhaust his state court remedies, and the Application should be denied.

III.  Conclusion

      Accordingly, it is

      ORDERED that the Application is denied and the action is dismissed without

prejudice for failure to exhaust state court remedies.

      DATED at Denver, Colorado, this _31_ day of _____July_____, 2009.

                         BY THE COURT:


                         ZITA L. WEINSHIENK, Senior Judge
                         United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01137-BNB

W. Casey Chipman
PO Box 146
Wellington, CO 80549

Sean C. McGill
Assistant County Attorney
**DELIVERED ELECTRONICALLY**

Johhn J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/31/09

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk